UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| OCTAVIO VASQUEZ-ARELLANO, § | |
| § | |
| Defendant/Petitioner, § | |
| § | CRIMINAL ACTION V-07-19 |
| v. § | |
| § | CIVIL ACTION V-08-26 |
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff/Respondent. § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Petitioner Octavio Vasquez Arellano's ("Vasquez") Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Dkt. No. 22).[1] The Court ordered the Government to respond (Dkt. No. 23), and the Government filed a motion titled "The United States' Motion for Summary Judgment Pursuant to Octavio Vasquez Arellano's Plea Agreement Waiver, Alternatively, the Government's Response and Motion to Dismiss Octavio Vasquez Arellano's 28 U.S.C. § 2255 Motion and the Government's Motion to Expand the Record to Include the Affidavit of Former Defense Counsel " (Dkt. No. 32). To date, Vasquez has not filed a response to the Government's motion. After considering the parties' arguments and the applicable law, the Court is of the opinion that Vasquez' Motion to Vacate, Set Aside, or Correct Sentence should be **DENIED** and the Government's motion should be **GRANTED**.

### Background

On April 19, 2007, Vasquez was indicted on the charge of being an alien who had previously been denied admission, excluded, deported and removed, knowingly and unlawfully was present in the United States without having obtained consent to reapply for

---

1. Citations in this Order refer to Criminal Action No. V-07-9.

1

admission into the country in violation of 8 U.S.C. §§ 1326(a) and 1326(b). (Dkt. No. 8.) On June 4, 2007, Vasquez pled guilty to the sole count in the Indictment. (Dkt. No. 13 ¶ 1.) As stated by the Memorandum of Plea Agreement, the Government agreed to recommend that Vasquez receive maximum credit for acceptance of responsibility and a sentence at the lowest end of the applicable guideline range. (*Id.* ¶ 2.) The agreement stated that neither the Government, nor any other law enforcement officer, could guarantee what sentence the Court would ultimately impose, and advised Vasquez that the applicable sentencing guideline range was advisory only. (*Id.* ¶¶ 5 & 6.) The agreement also provided that Vasquez understood that he could receive a sentence of imprisonment of up to twenty years. (*Id.* ¶ 6.) Through the agreement, Vasquez waived his right to appeal or collaterally attack his conviction and sentence. (*Id.* ¶ 7.) Based on Vasquez' Presentence Investigation Report (Dkt. No. 16), to which there were no objections, the Court determined that the applicable sentencing guideline range was 77 to 96 months imprisonment. (Dkt. No. 27 at 5.) On August 20, 2007, the Court sentenced Vasquez to 77 months incarceration in the Bureau of Prisons, 3 years supervised release, and a special assessment of $100.00. (Dkt. No. 20.) In accordance with the plea agreement, Vasquez filed no appeal.

## Claims and Allegations

The Court understands Vasquez to challenge his confinement and sentence on the following grounds:

(1) The Court should have imposed a sentence "far less than 77-months under 18 U.S.C. § 3553(a)."

(2) The Court's lack of knowledge of the "available range of sentencing discretion" violated Vasquez' Fifth Amendment Rights.

(3) Vasquez' defense counsel rendered ineffective assistance of counsel by: (a) failing to object to the PSR Guideline calculation of his offense and criminal history levels; (b) failing to raise an argument regarding Vasquez' inability to receive a "fast-track" sentence; and (c) failing to raise the applicability of *United States v. Booker*, 543 U.S. 220 (2005), at sentencing,

(4) The terms of Vasquez' imprisonment and supervised release violate his constitutional rights because they exceed the statutory maximums for the charged offense.

## Evidentiary Hearing

A hearing is not required to dispose of a § 2255 petition if "'the motion, files, and record of the case conclusively show that no relief is appropriate.'" *United States v. Samuels*, 59 F.3d 526, 530 (5th Cir. 1995) (quoting *United States v. Santora*, 711 F.2d 41, 42 (5th Cir. 1983); *see also Randle v. Scott*, 45 F.3d 221, 226 (5th Cir. 1995) (citing *United States v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990)) (concluding that if the record is adequate to fairly dispose of the petition, no hearing is required). No evidentiary hearing is required in this case.

## Standard

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues; (2) challenges to the district court's jurisdiction to impose the sentence; (3) challenges to the length of a sentence in excess of the statutory maximum; and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range

of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

## Analysis

As a general rule, "[a] voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson*, 467 U.S. 504, 508 (1984). Likewise, "a plea's validity may not be collaterally attacked merely because the defendant made what turned out, in retrospect, to be a poor deal." *Bradshaw v. Stumpf*, 545 U.S. 175, 186 (2005). A defendant's waiver of his statutory right to collaterally challenge his conviction or sentence with a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, like the guilty plea itself or a waiver by a defendant of his right to appeal, is generally enforceable if the waiver is both knowing and voluntary. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994); *United States v. McKinney*, 406 F.3d 744, 746-47 & n. 5 (5th Cir. 2005).[2]

Vasquez has not alleged that his plea was unknowing, involuntary, or unintelligent. Because Vasquez' plea agreement and waiver of appellate and collateral review rights were knowingly, voluntarily, and intelligently entered, the plea agreement waiver of his right to collaterally attack his conviction or sentence under § 2255 is enforceable and bars the instant motion. Pursuant to Vasquez' plea agreement waiver, the Government is entitled to summary judgment as to all of Vasquez' claims. Vasquez has not shown that he is entitled to relief, and his § 2255 motion is therefore denied.

---

2. Such waivers, however, do not "preclude review of a sentence that exceeds the statutory maximum." *United States v. Hollins*, 97 Fed. Appx. 477, 479 (5th Cir. 2004). In the context of a plea agreement waiver, a sentence exceeds the statutory maximum only when it exceeds the maximum allowed by statute. *United States v. Bond*, 414 F.3d 542, 546 (5th Cir. 2005). Vasquez' sentence does not exceed the statutory maximum-that is, the maximum sentence allowed by statute. *See* 8 U.S.C. §§ 1326(a) & 1326(b) (providing for a maximum term of imprisonment of twenty years).

**Certificate of Appealability**

Under 28 U.S.C. § 2253, Vasquez must obtain a certificate of appealability (COA) before he can appeal this Order dismissing his petition. To obtain a COA, Vasquez must make a substantial showing of the denial of a constitutional right. *Cannon v. Johnson*, 134 F.3d 683, 685 (5th Cir. 1998). To make such a showing, Vasquez must demonstrate that issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further. *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir. 1998). For the reasons stated in this Order, Vasquez has not made a substantial showing of the denial of a constitutional right. The issuance of a COA in this action is denied.

**Conclusion**

For the foregoing reasons, Vasquez' Motion to Vacate, Set Aside, or Correct Sentence (Dkt. No. 22) and Request for a Certificate of Appealability (Dkt. No. 35) are **DENIED;** the Government's Motion for Summary Judgment (Dkt. No. 32) is **GRANTED**; and the Government's Motion to Expand the Record (Dkt. No. 34) is **DENIED** as moot.

It is so **ORDERED**.

Signed this 25th day of June, 2009.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE